R.H. Macy & Company, Inc. et al., Appellants, *v.*
Otis Elevator Company, Appellee.

[Cite as R.H. Macy & Co. *v.* Otis Elevator Co. (1990), 51 Ohio St. 3d 108.]

(No. 89-671—Submitted April 3, 1990—Decided May 23, 1990.)

*Cooper, Straub, Walinski & Cramer, J. Michael Vassar* and *Keith J. Winterhalter,* for appellants.

*Schell & Schaefer* and *Gene A. Zmuda,* for appellee.

DOUGLAS, J. As a preliminary matter, Macy contends that the court of appeals could not properly consider the affidavit of Judge Riley which was executed after the jury verdict and which was not part of the trial court record. We find that the court of appeals improperly relied on the affidavit, although our finding is not dispositive of the present appeal.

In *State* v. *Ishmail* (1978), 54 Ohio St. 2d 402, 405-406, 8 O.O. 3d 405, 407, 377 N.E. 2d 500, 502, we stated that:

"Since a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings."

Clearly, the affidavit of Judge Riley, which was executed after the proceedings in the trial court, and which is not reflected by the record of the proceedings, should not have been considered by the court of appeals in denying Macy's motion. However, we find that Macy was not prejudiced by the consideration of the subject affidavit since, absent consideration of the affidavit, ample evidence exists in the record to warrant the conclusion that Otis submitted a written request for instructions on intervening and superseding causation during the trial court proceedings.

Accordingly, we are not persuaded by the procedural arguments set forth by Macy regarding the record now before us. As such, we turn our attention to the issues presented by this appeal.

Macy contends that Otis's failure to comply with Civ. R. 51(A) should preclude Otis from complaining that the trial court erred in failing to instruct the jury on intervening and superseding causation. Civ. R. 51(A) provides in relevant part:

"*A party may not assign as error*

the giving or *the failure to give any instruction unless he objects* thereto *before the jury retires* to consider its verdict, *stating specifically the matter to which he objects and the grounds of his objections*. Opportunity shall be given to make the objection out of the hearing of the jury." (Emphasis added.)

Before the jury retired to consider its verdict, counsel for Otis objected "* * * with regard to [the] failure to instruct for intervening, superseding and remote causes." However, the *grounds* for this objection were not stated with specificity. Therefore, Otis failed to formally comply with the requirements of Civ. R. 51(A).

In *Presley* v. *Norwood* (1973), 36 Ohio St. 2d 29, 65 O.O. 2d 129, 303 N.E. 2d 81, paragraphs one and two of the syllabus, we held that:

"1. Where the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute, and that the complaining party has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury, such party does not waive his objections to the court's charge by failing to *formally* object thereto. (Civ. R. 51[A].)

"2. A party whose request for jury instructions fails to embody the correct law governing an issue, and who otherwise fails to comply with Civ. R. 51(A), waives his right to question the trial court's charge upon appeal." (Emphasis *sic*.)

Thus, we must determine whether Otis's requested jury instructions correctly set forth the applicable law in the case at bar in order to decide whether Otis waived the right to assign as error the failure to instruct the jury as requested. Specifically, we are presented with the question of whether intervening causation is a defense in an action for indemnification based upon products liability when the cause of action is premised upon the theory of strict liability in tort.

In order for a party to recover in an action for products liability based upon strict liability in tort, several elements must be proven, including the one that the damage or injury was directly and proximately caused by the product defect. See, *e.g., Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 321, 4 O.O. 3d 466, 468, 364 N.E. 2d 267, 270. "Proximate causation" is described as "* * * some reasonable connection between the act or omission of the defendant and the damage the plaintiff has suffered." Prosser & Keeton, Law of Torts (5 Ed. 1984) 263, Section 41. We have recognized that this "reasonable connection" between the defendant's act or omission and the damage or injury occasioned by the plaintiff may be broken by an intervening act. See *Mudrich* v. *Standard Oil Co.* (1950), 153 Ohio St. 31, 37, 41 O.O. 117, 120, 90 N.E. 2d 859, 863. In *Mudrich*, we stated:

"*Whether an intervening act breaks the causal connection between negligence and injury depends upon whether that intervening cause was reasonably foreseeable by the one who was guilty of the negligence.* If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone. * * *" (Emphasis added.) *Id.* at 39, 41 O.O. at 121, 90 N.E. 2d at 863.

However, in *Mudrich*, we dealt with the theory of negligence rather

than the theory of strict liability in tort. In Ohio, a separate body of products liability law has evolved apart from the law of negligence. See *Bowling* v. *Heil Co.* (1987), 31 Ohio St. 3d 277, 282, 31 OBR 559, 563, 511 N.E. 2d 373, 377. "Further, it is apparent that the negligence concept of ordinary care is not a part of the products liability doctrine, which is governed instead by the distinct principles of strict liability in tort." *Id.* Nevertheless, proximate causation is a necessary element in proving a products liability case. *Temple, supra.* Therefore, an intervening cause which is *sufficient* to break the chain of causation between an allegedly defectively designed product and a plaintiff's injuries or damages may possibly defeat a products liability cause of action but, as in *Mudrich,* only those intervening causes which are unforeseeable will be sufficient to do so.

In the case at bar, one of Otis's defenses to Macy's lawsuit was that the ceiling panel could not have fallen without human intervention. Evidence was adduced at trial that the human intervention could have been attributable to acts of a vandal or the acts or omissions of Macy's own personnel. As such, Macy claims that Otis's requested instruction would allow the jury to consider Macy's own conduct as being an intervening cause of the personal injuries. Hence, Macy argues that Otis's requested instruction would amount to an instruction on contributory negligence, and a comparison of fault is inappropriate in a products liability case based upon the theory of strict liability in tort.

In *Bowling, supra,* we held that "[t]he principles of comparative negligence or comparative fault have no application to a products liability case based upon strict liability in tort." *Id.* at paragraph one of the syllabus.

We reached this conclusion because the seller or manufacturer of a defective product is held liable in such a case not because it is blameworthy but, rather, because it is in a better position to spread the loss among those who use the product. *Id.* at 284, 31 OBR at 565, 511 N.E. 2d at 378-379. Therefore, we declined to accept the view that the plaintiff's negligence should be considered in a products liability case based upon the theory of strict liability in tort.

Thus, Macy is correct in arguing that contributory negligence has no place in products liability cases based upon strict liability in tort. However, we do not agree that Otis's proposed jury instruction on intervening causation would have allowed the jury to compare the negligence of the parties or their relative degrees of fault. Otis requested that the jury be instructed according to 1 Ohio Jury Instructions (1983), Section 11.30, which provides in relevant part:

"3. SUPERSEDING CAUSE. *Causal connection is broken when a subsequent act, or failure to act, intervenes and completely removes the effect of the first act of negligence and is itself the proximate cause of the (injury) (damage).* The causal connection of the first act of negligence is broken and superseded by the second, *only if the intervening negligent act is both new and independent.* The term 'independent' means the absence of any connection or relationship of cause and effect between the original and subsequent act of negligence. *The term 'new' means that the second act of negligence could not reasonably have been foreseen.*" (Emphasis added.)

Otis's requested jury instruction on "superseding" causation leaves no room for a comparison of fault. The proposed instruction *only* allows the jury to consider whether Otis prox-

.. 
imately caused the injury or whether some other act or omission proximately caused the injury. If Macy's act or the acts of a vandal merely contributed to the act or omission of Otis (without removing the effect of Otis's act or omission), then Otis is *completely* liable for the damages. If Macy's act or the acts of a vandal *completely* eliminated and, hence, made irrelevant the effect of Otis's act or omission, then Otis is not liable. Further, Otis's proposed instruction limits the jury to a consideration of only those causes which could not be foreseen.

Therefore, we find that Otis's proposed instruction on "superseding" causation, if appropriately modified to apply in the context of a products liability action, accurately sets forth the law applicable in the case at bar and, as such, Otis was entitled to its requested jury instruction. In doing so, we conclude that in a products liability case based upon the theory of strict liability in tort, the defense of intervening causation may be invoked to avoid liability where the intervening cause is unforeseeable and is the proximate cause of the injury or damage. Liability attaches to the person or persons whose acts or omissions proximately cause the injury or damage.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and BRYANT, JJ., concur.

SWEENEY, J., dissents.

THOMAS F. BRYANT, J., of the Third Appellate District, sitting for RESNICK, J.