OPINION
Nicholas A. Hubbell ("Hubbell") and Barbara E. Llewellyn ("Llewellyn"), plaintiffs-appellants, appeal a February 23, 1999 judgment of the Franklin County Court of Common Pleas. This appeal relates only to the November 5, 1998 judgment sustaining a motion for summary judgment in favor of Gus and Colleen Sariotis, defendants-appellees.
In the late evening of September 11, 1996, Hubbell, who is the son of Lllewellyn and was a minor at the time of the incident, was a passenger in the backseat of a vehicle operated by Chris Ross. Ross, Hubbell, and a third occupant, "Tim," drove into the parking lot of Colleen's Collectibles, which was owned by appellees, to use a "drive-up" payphone located in the parking lot. As Ross neared the payphone in his vehicle, he noticed a pothole two to three feet in front of his car that was about three-quarters filled with water. The water in the pothole was about an inch below the surface of the surrounding pavement.
After using the payphone, Ross drove his vehicle forward to leave the parking lot. Although he had never previously been in the parking lot and did not know how deep the pothole was because of the water inside of it, he stated that he "knew it was probably deep" and that he tried to avoid the pothole. He turned his wheels sharply to the right, but the left-front tire went into the pothole. The car fell into the pothole until the frame of the vehicle rested on the surrounding pavement. Ross, Hubbell, and Tim attempted to push the vehicle out of the pothole for approximately one hour.
After being unable to push the vehicle out from the pothole, Ross suggested that they "jack-up" the car and then push the car off of the jack and away from the pothole. Because the jack was missing its base and was unstable, Ross held the jack as the vehicle was raised out of the pothole. While Ross held the jack, the others tried to push the vehicle off the jack, but they could not. Ross told one of the others to get into the car and shift it into reverse, and Hubbell walked around to the driver's side of the car. Concerned that his body weight may knock the vehicle off of the jack, Hubbell opened the driver's-side door but did not get fully inside. Instead, Hubbell pressed his back against the backrest and kept his left foot on the ground outside while he pushed down on the accelerator with his right foot. Hubbell applied pressure to the gas, propelling the car backwards, which caused Hubbell's weight to shift forward and depress the accelerator more. The vehicle moved backwards and cleared the pothole, and the others yelled for Hubbell to stop. Hubbell's left leg was crushed between a pole and the inside of the open door.
On September 17, 1997, appellants filed a complaint against Ross and appellees. On January 8, 1998, appellants filed an amended complaint, adding Nationwide Mutual Insurance Company ("Nationwide") as a defendant. Hubbell alleged that he was an insured under Llewellyn's Nationwide policy, which included an underinsured provision. On February 11, 1998, appellees filed a motion for summary judgment, and on February 13, 1998, Nationwide filed a motion for summary judgment. On April 13, 1998, appellants filed a second amended complaint, which added John Does #1 and #2 as defendants. On April 30, 1998, the parties agreed to dismiss Ross as a defendant.
On October 14, 1998, the trial court filed a decision granting appellees' motion for summary judgment. The trial court found that as a matter of law, the presence of the pothole was not the proximate cause of Hubbell's injury and that the proximate cause of his injuries was his own actions in attempting to move the car using the jack. The court held in abeyance Nationwide's motion for summary judgment regarding coverage for Hubbell and Llewellyn pending the resolution of the underlying case. On November 5, 1998, the trial court filed its judgment granting appellees' motion for summary judgment.
The only remaining issue was whether Hubbell and Llewellyn were entitled to coverage under the Nationwide insurance policy. Nationwide argued that Hubbell was not entitled to coverage under the policy because he was more than fifty percent negligent in causing his own injury. Hubbell argued that he was fifty percent or less negligent and that Ross was negligent in driving the car into the pothole and in asking Hubbell to take the actions that ultimately caused his injuries. The matter was tried to a jury, which found Hubbell twenty percent negligent for his own injuries. On February 23, 1999, judgment was rendered in favor of Hubbell and Llewellyn in the amount of $87,500, which was the extent of their remaining policy limits. Appellants Hubbell and Llewellyn now appeal the granting of summary judgment to appellees, asserting the following assignments of error:
 I. THE TRIAL COURT ERRED IN FINDING, AS A MATTER OF LAW, THAT A POTHOLE FILLED WITH WATER IS AN OPEN AND OBVIOUS HAZARD, SUFFICIENT TO GIVE NOTICE THAT THE HOLE WAS DEEP ENOUGH THAT A CAR WOULD GET STUCK IN THE POTHOLE.
 II. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT, AS A PASSENGER IN THE VEHICLE, WAS PUT ON NOTICE OF THE ALLEGED OPEN AND OBVIOUS HAZARD AND WAS IN A POSITION TO AVOID THE HAZARD.
 III. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT IN FINDING AS A MATTER OF LAW THAT THE PROXIMATE CAUSE OF APPELLANT'S INJURIES WAS THE CONDUCT OF THE OCCUPANTS OF THE VEHICLE RATHER THAN THE CONDUCT OF APPELLEES WHO PERMITTED AN UNREASONABLY HAZARDOUS CONDITION OF THE PROPERTY TO EXIST ON THE PREMISES.
Appellants argue that the trial court erred in granting summary judgment to appellees. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100,103.
We will first address appellants' third assignment of error because our determination of that error renders the others moot. Appellants argue in their third assignment of error that the trial court erred in finding that, as a matter of law, the proximate cause of Hubbell's injuries was the actions of himself and the occupants of the car. The trial court specifically found that:
 * * * Hubbell was not injured in any way when the car went into the pothole. He was only injured when he participated, by his own actions, in attempting to pop the car out of the pothole by jacking it up and throwing it in reverse. Hubbell purposely left his leg hanging out of the car when he pressed the accelerator. * * *
In a negligence action, a plaintiff must show: (1) the existence of a duty; (2) breach of that duty by the defendant; (3) proximate cause between the breach and some damage to the plaintiff; and (4) damage to the plaintiff. Mussivand v. David
(1989), 45 Ohio St.3d 314, 318. To withstand a motion for summary judgment, a plaintiff must present evidence which at least creates a triable issue on each of these elements. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75. A business owner owes a business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition so that an invitee is not unnecessarily and unreasonably exposed to danger. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, we find that, even assuming arguendo that appellees breached their duty to appellants, appellees' breach was not the proximate cause of Hubbell's injuries.
"Negligent conduct is the `proximate cause' of an injury if the injury is the natural and probable consequence of the conduct." Reed v. Weber (1992), 83 Ohio App.3d 437, 441, citingCascone v. Herb Kay Co. (1983), 6 Ohio St.3d 155. "An injury is the natural and probable consequence of negligent conduct if the injury might and should have been foreseen." Id. citing Jeffersv. Olexo (1989), 43 Ohio St.3d 140. "An injury is foreseeable if a reasonably prudent person, under the same or similar circumstances, would have anticipated that injury to another was the likely result of his conduct." Cascone, supra, citingCommerce Industry Ins. Co. v. Toledo (1989), 45 Ohio St.3d 96. In Queen City Terminals, Inc. v. Gen. Am. Transp. Corp. (1995),73 Ohio St.3d 609, the Ohio Supreme Court explained the principal of an intervening cause. The Supreme Court noted that the causal connection between a defendant's act and the resulting damage may be broken by an intervening event. Id. at 619, citing R.H. Macy Company v. Otis Elevator Co. (1990), 51 Ohio St.3d 108. However, an intervening cause is not present if the alleged intervening cause was reasonably foreseeable by the one who is guilty of the negligence. Id., citing Neff Lumber Co. v. First National Bank ofSt. Clairsville (1930), 122 Ohio St. 302. The Court in Queen City
noted that an intervening cause is foreseeable to the original negligent actor if the original and successive acts may be joined together as a whole, linking each of the actors to the liability. By contrast, the original negligence is excused if there is a new or independent act which intervenes and breaks the causal connection. The term "new" means the second act could not reasonably have been foreseen by the original actor. Id. at 619. Here, appellees maintain that Hubbell's and the other passenger's actions were new and independent and acted as the proximate cause of appellant's injury and intervened to break any causal connection between their possible negligence. We agree.
Appellees could not have foreseen the series of events, including the ultimate injury, that would ensue after the car became stuck in the pothole. Appellees could not have reasonably foreseen that (1) Ross, Hubbell, and others would try to manually push the car out for an hour, fail, but still not call a tow truck; (2) that they would then decide to use a defective jack without its platform to jack-up the car out of the hole, an act that Ross knew was dangerous; (3) that because the jack would not stabilize under the bumper, Ross would retrieve a block of wood to use as a base, which still made the jack unstable; (4) that even knowing the jack was defective and unstable and that attempting to get the car out would be dangerous, they would proceed with their plan; (5) that after lifting the frame a few inches off the pavement using the defective jack, they would fail in pushing the car manually, but, nevertheless, proceed with their plan; (6) that they would suggest that somebody get into the car, shift it into reverse, and press the accelerator; (7) that Hubbell would volunteer to be the person to press the gas, despite knowing that if he got inside the car, it may fall off the jack and hurt somebody; (8) that Hubbell would get only partially inside the car but leave the door open and leave his leg hanging out admittedly knowing that it could be hurt if he did not pull it in after knocking the car off the jack; (9) that Hubbell would press the accelerator hard enough to spin the tires but not apply the brakes despite the others yelling for him to stop; (10) that the tires would spin until they gained traction and then propel the car backward, throwing Hubbell off balance and causing him to push the accelerator even more, all of which lasted fifteen to twenty seconds; and (11) that Hubbell's outstretched leg would be crushed between the door and a pole, which had been ten to fifteen feet away according to Hubbell's testimony.
Assuming arguendo that appellees' allowing the pothole to exist on their premises constituted a breach of duty, the actions of Ross, Tim, and Hubbell constituted a new and independent act which intervened to break any causal connection. The acts by Ross, Tim, and Hubbell are acts that could not reasonably have been foreseen by appellees and are too remote and far removed from any breach that appellees may have committed. If, for example, Hubbell would have injured his head on the roof of the car as a result of the car suddenly dropping into the pothole, his injury would have been more arguably a direct consequence of the presence of the pothole. However, a leg getting crushed between an open car door and a pole that is ten to fifteen feet away as an attempt is made to drive a car off an unstable, defective jack is not an injury flowing as a natural and probable consequence of appellees' conduct. Appellees could not have reasonably foreseen that Hubbell would have gotten his leg crushed as a result of allowing a pothole to exist on their premises. Clearly, Hubbell could have eliminated any danger by simply not taking the extreme series of actions that he did, which eventually put him in the position to sustain injury. Therefore, we find that reasonable minds could only come to the conclusion that the pothole was not a proximate cause of the subsequent accident involving Hubbell. Appellants' third assignment of error is overruled.
Appellants' first and second assignments of error both relate to the issue of whether the pothole was an open and obvious danger for which Hubbell could be expected to be put on notice and protect himself against. However, given our determination in appellants' third assignment of error as to proximate cause, even if we were to find that the pothole was not an open and obvious danger, appellants' negligence claim against appellees would still fail. Thus, appellants' first and second assignments of error are rendered moot, and we decline to address them. See App.R. 12(A)(1)(c).
Accordingly, appellants' third assignment of error is overruled, appellant's first and second assignments of error are moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and TYACK, JJ., concur.