KUCHAREK, a.k.a. Kucherak, Appellant,

v.

TRI–CITY FAMILY MEDICINE, INC. et al., Appellees.

[Cite as *Kucharek v. Tri–City Family Medicine, Inc.*, 148 Ohio App.3d 38, 2001-Ohio-4383.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 00CA007687.

Decided April 11, 2001.

Justin F. Madden and Mary A. Cavanaugh, for appellant.

Reminger & Reminger, Clifford C. Masch, Stephen Crandall and James M. Kelley III, for appellees.

---

SLABY, Judge.

{¶ 1}  Appellant, Dorothy Kucherak ("Kucherak"), appeals from the order of the Lorain County Court of Common Pleas which found in favor of appellees, Dr. Douglas Potoczak and his employer, Tri City Family Medicine, Inc. ("Potoczak").

{¶ 2}  Kucherak filed a medical malpractice claim against Potoczak alleging that he failed to appropriately treat her husband's heart condition which resulted in his wrongful death.  A jury returned a verdict for Potoczak.  Kucherak timely appealed, raising two assignments of error for review which we will address concurrently.

## ASSIGNMENT OF ERROR I

{¶ 3}  "The trial court committed reversible error in submitting jury interrogatories to the jury which merged [Kucherak's] claims for general medical negligence into informed consent, and thereby removed [Kucherak's] claim against [Potoczak] for general medical negligence from the jury's consideration even though the evidence supported such a claim."

## ASSIGNMENT OF ERROR II

{¶ 4}  "The trial court committed reversible error in submitting a jury interrogatory that was an incorrect statement of Ohio law concerning informed consent, and was also inconsistent with the instruction of law which it read to the jury."

{¶ 5}  In Kucherak's first assignment of error, she argues that the trial court erred in submitting interrogatories to the jury regarding an unpled claim of informed consent and thereby excluded consideration of Kucherak's negligence claim.  In her second assignment of error, Kucherak argues that the trial court erred in giving a jury instruction on informed consent, that the corresponding jury interrogatory was inconsistent with the instruction, and that it was a misstatement of Ohio law.  We do not reach the merits of Kucherak's arguments because we find she did not properly preserve this question for review.

{¶ 6}  Civ.R. 51(A) provides that "[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection."  A generalized objection is insufficient to preserve the issue for appeal.  See *Pena v. Northeast Ohio*

Emergency Affiliates, Inc. *(1995), 108 Ohio App.3d 96, 112, 670 N.E.2d 268.* The *reason for requiring particularity in the objection is to give the trial court the opportunity to correct a mistake before the jury retires.* R.H. Macy & Co., Inc. v. Otis Elevator Co. *(1990), 51 Ohio St.3d 108, 110, 554 N.E.2d 1313.*

{¶ 7} The transcript indicates that Kucherak objected to the format of the first jury interrogatory following the presentation of the jury instructions to the jury. Specifically, Kucherak argued that if the jury answered the interrogatory as originally written, it would be impossible for them to find in favor of Kucherak. The trial court and the parties then discussed, at length, how to appropriately amend the language. After input from all parties, including Kucherak, all parties eventually agreed on the format of the interrogatory. In her reply brief, Kucherak contends that she participated in the discussion and agreement only to reduce "blatant error" in drafting the interrogatory, because the trial court had made it clear that it intended to submit the interrogatories to the jurors.

{¶ 8} Following the agreement, the court allowed the parties to note their objections on the record to the jury instructions.[1] Kucherak objected "to the instruction on '[l]ack of informed consent' in its entirety" and noted "an objection and exception to all of the jury interrogatories, one through three, which have been proposed, with alterations discussed here on the record."

{¶ 9} Although Kucherak generally objected to the interrogatories, she failed to indicate a specific basis for the objection as to the interrogatory at issue. At no time did Kucherak clearly indicate why the original interrogatory would not allow the jury to find for Kucherak or what errors she sought to reduce in the interrogatory. Her general objection, following the parties' agreement, did not give the court the opportunity to correct any mistakes in the first interrogatory. Notably, Kucherak did not specifically object to the interrogatory on the basis now asserted on appeal. Therefore, Kucherak failed to preserve the error for review. Accordingly, Kucherak's first and second assignments of error are overruled.

{¶ 10} Kucherak's two assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

Baird, P.J., and Whitmore, J., concur.

---

1. The court had previously held a jury charge conference off the record, prior to the presentation of the jury instructions. During the conference each party made objections which were reserved and noted at this time without waiver.