OPINION
{¶ 1} Plaintiffs-appellants, Robert and Janet Knisley, appeal from the judgment of the Franklin County Court of Common Pleas, in which the court granted summary judgment in favor of defendant-appellee, Maria A. Bray. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} The following facts are not in dispute. On February 6, 2002, at approximately 6:30 p.m., appellant Robert Knisley ("Knisley") was operating his 1985 Ford Ranger truck on State Route 13 in Columbus, Ohio when he was rear ended by a vehicle driven by appellee. Knisley and his grandson were the only occupants in his truck. Knisley did not sustain any personal injuries from the accident. At the time of the accident, Knisley was transporting a 400-pound tractor motor secured by rope in the bed of his truck. The motor fell out of the truck as a result of the collision and the motor came to rest between Knisley's truck and appellee's car. A nearby resident suggested that since traffic was heavy, the tractor motor and vehicles should be moved off of the road. She offered use of her "Bobcat" front-end loader ("Bobcat") to lift the tractor motor back onto the truck. Knisley testified in his deposition that he thought her suggestion was "a good idea" because "our lights were running low" and "someone was going to get killed."
 {¶ 3} Knisley attempted to lift one side of the motor to load it onto the bucket of the Bobcat. He testified that it was dark at the time of the accident, so he used the lights from the Bobcat to see the motor as he was attempting to pick it up. While doing so, Knisley slipped and fell on a puddle of oil that he testified had leaked from the tractor motor. Consequently, Knisley hit his head on the tractor motor and sustained serious injuries to his eye.
 {¶ 4} Thereafter, appellants filed this negligence action against appellee, claiming damages arising out of the accident for Knisley's medical expenses, loss of earning capacity, and property damage, as well as his wife's claim for loss of consortium.
 {¶ 5} Appellee filed her motion for summary judgment. The trial court sustained appellee's motion finding in part that Knisley's injuries were not proximately caused by appellee's negligence. In reaching its decision, the trial court found that liability is not imposed on a party for every consequence that may flow from his or her actions. The court noted that in this case, the events that occurred after the accident, specifically, that the tractor motor would fall out of the bed of Knisley's truck, Knisley and others would attempt to move the motor with the Bobcat, Knisley's attempt to manually lift the motor onto the Bobcat and the resulting slip by Kinsley in the puddle of oil, were not foreseeable by appellee. Finally, the court stated that Knisley's action in attempting to load the tractor motor onto the Bobcat constituted an intervening, superseding cause of his injuries. In support of this finding, the court noted that no hazard to Knisley's eye would have existed if he had not attempted to manually lift the engine onto the Bobcat and that he was a conscious and responsible agency whose actions were an efficient, independent and self-producing cause of the injury.
 {¶ 6} On appeal, appellants assert the following assignment of error for our review:
The trial court erred in granting summary judgment in favor of defendant.
 {¶ 7} We begin by recalling the standard of review of a trial court's grant of summary judgment. We conduct a de novo review, without deference to the trial court. Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. In conducting our review, this court applies the same standard as that employed by the court below. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107, 614 N.E.2d 765, jurisdictional motion overruled (1993), 66 Ohio St.3d 1488. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,677 N.E.2d 343.
 {¶ 8} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on the essential element(s) of the nonmoving party's claims. Dresher v.Burt (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id. at 293. (Emphasis sic.)
 {¶ 9} First, we review the trial court's finding that Knisley's injuries were not proximately caused by appellee's negligence. Appellants agree that Knisley was not injured out of the collision itself; however, they argue that whether or not appellee's conduct was the proximate cause of Knisley's injuries, which resulted from his attempt to lift the motor, is a question of fact for a jury to determine, not for the court to decide as a matter of law. Appellants contend that Knisley's fall and resultant injuries were proximately caused by appellee's negligence. Appellants assert that appellee's negligence had a "reasonable connection" to the series of events that ensued after the accident. R.H. Macy Co. v. Otis Elevator Co. (1990),51 Ohio St.3d 108, 110, 554 N.E.2d 1313.
 {¶ 10} Negligent conduct constitutes the proximate cause of an injury if the injury is the "natural and probable consequence of the conduct." Hubbell v. Ross (Nov. 9, 1999), Franklin App. No. 99AP-294; Reed v. Weber (1992), 83 Ohio App.3d 437, 441,615 N.E.2d 253; Cascone v. Herb Kay Co. (1983),6 Ohio St.3d 155, 160, 451 N.E.2d 815. To find that an injury was the natural and probable consequence of an act, it must appear that the injury complained of could have been foreseen or reasonably anticipated from the alleged negligent act. Strother v.Hutchinson (1981), 67 Ohio St.2d 282, 287, 423 N.E.2d 467; Rossv. Nutt (1964), 177 Ohio St. 113, 114, 203 N.E.2d 118. An injury is foreseeable if a reasonably prudent person, under the same or similar circumstances, would have anticipated that injury to another was the likely result of his conduct. Hubbell, supra.
 {¶ 11} Appellants aver that Knisley's injuries were a foreseeable consequence of appellee's negligence. Conversely, appellee contends that Knisley's attempt to manually lift the tractor motor constituted an intervening cause of his injuries. The causal connection between a defendant's act and the resulting damage may be broken by an intervening cause. Queen CityTerminals, Inc. v. Gen. Am. Transp. Corp. (1995),73 Ohio St.3d 609, 619, reconsideration denied, 74 Ohio St.3d 1422,655 N.E.2d 742. An intervening cause does not operate to sever the causal link if the alleged intervening cause was reasonably foreseeable by the one who is guilty of the negligence. Id.; Neff Lumber Co.v. First Natl. Bank of St. Clairsville (1930), 122 Ohio St. 302,309, 171 N.E. 327.
 {¶ 12} In Cascone, supra, the Supreme Court of Ohio held that the test for whether or not an act constitutes an intervening cause is "whether the original and successive acts may be joined together as a whole, linking each of the actors as to the liability, or whether there is a new and independent act or cause which intervenes and thereby absolves the original negligent actor." Cascone, at 160. "Independent" is defined inCascone as the "absence of any connection or relationship of a cause and effect between the original and subsequent acts of negligence." Queen City Terminals, Inc., supra, at 620;Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 269, 617 N.E.2d 1068. "New" means that the second act could not have reasonably been foreseen. Id.
 {¶ 13} In support of her position, appellee asserts this court's holding in Hubbell, supra, is applicable to the instant case. In Hubbell, plaintiff's leg was crushed when he attempted to move defendant's vehicle out of a pothole. The trial court found that the plaintiff's action in attempting to move the car was the sole proximate cause of his injuries. In affirming, this court found that the plaintiff's actions were independent, and intervened to break any causal connection between the plaintiff's injuries and the defendants' alleged negligence. Further, we held that the defendants could not have foreseen the series of events, including the resulting injury that took place after the car became stuck in the pothole. Finally, we stated that the plaintiff could have eliminated any danger by not taking the series of actions that resulted in his injuries.
 {¶ 14} Relying on this court's holding in Hubbell, appellee contends that Knisley's attempt to load the motor onto the Bobcat was the sole proximate cause of his injuries, and this independent action served to break any causal connection between her negligence in colliding with Knisley's truck. We agree. Appellee could not have reasonably foreseen that Knisley would, after the accident and at the suggestion of a non-party, attempt to lift the 400-hundred pound tractor motor onto the bucket of the Bobcat by himself. Knisley's injuries were solely and proximately caused by his attempt to lift the tractor motor onto the Bobcat. This undertaking by Knisley constitutes a new and independent act, which breaks the chain of causation from appellee's negligence. Had he not attempted to manually lift the motor, Knisley would have eliminated the possibility of slipping and injuring his eye.
 {¶ 15} Accordingly, the trial court correctly found that appellee's negligence was not the proximate cause of Knisley's injuries, and that Knisley's attempt to load the tractor motor onto the Bobcat was an intervening cause that served to break any causal connection that might arguably have existed between appellee's negligence and Knisley's injuries.
 {¶ 16} Finally, although the trial court did not address this argument, we will address appellants' assertion that any question of whether or not Knisley was comparatively negligent by attempting to lift the tractor motor is an issue of fact for a jury to determine. In Genton v. Ohio Dept. of NaturalResources, Franklin App. No. 01AP-705, 2002-Ohio-2392, we declined to address the appellant's assignment of error regarding comparative negligence since the appellee had not offered sufficient evidence that his damages were proximately caused by the appellant's negligence. In this case, we have determined that Knisley was the sole proximate cause of his injuries. Because we find that appellee's negligence in the accident was not the proximate cause of Knisley's injuries, questions of comparative negligence are not reached.
 {¶ 17} For the foregoing reasons, appellants' sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Brown, JJ., concur.