OPINION
{¶ 1} Defendant-appellant Jeld-Wen, Inc., dba "Paxton The Wood Source," appeals two judgments: the trial court's August 9, 2004 judgment entry, which granted defendant-appellee Jeff Rinderle, dba "Rinderle Custom Woodworks," summary judgment; and the trial court's July 26, 2006 judgment entry, which granted plaintiffs-appellees Scott and Lisa Grieshop summary judgment and awarded them $44,666.33. For the reasons that follow, we affirm the judgment and award regarding the Grieshops. We must, however, dismiss Jeld-Wen's appeal as it pertains to the August 9, 2004 judgment entry and the trial *Page 3 
court's alleged implicit denial of Jeld-Wen's motion for leave to file a motion for summary judgment.
 {¶ 2} The Grieshops built a home several years ago in Mercer County, Ohio. During construction, the Grieshops and a local wood-worker, Doug Hoyng, entered into an oral contract. Hoyng agreed under the contract to build and install for the Grieshops: kitchen cabinets, bathroom vanities, shelving, and an entertainment center.
 {¶ 3} In April 2001, Hoyng asked Rinderle to order white ash wood for the Grieshop project. Rinderle placed an order with Jeld-Wen, which provided Rinderle with the wood, and Hoyng retrieved the wood the day after Rinderle picked it up. Thereafter, Hoyng stored all of the wood in the Grieshops' barn for approximately three weeks. He used some of the wood to build the furnishings, and he completed and installed the furnishings in June 2001. At some point, Hoyng transferred the leftover wood to his shop in Lima, Ohio.
 {¶ 4} In July 2001, Hoyng found small holes in the leftover wood. He told Rinderle about the holes, and Rinderle said that they were caused by worms. Rinderle advised Hoyng to simply cut around the holes. Hoyng did so, and he used some of the remaining wood in another project.
 {¶ 5} In August 2001, Hoyng found new holes caked with sawdust-like frass (or insect excrement) in the leftover wood. He told Rinderle about the new *Page 4 
holes, and Rinderle told Jeld-Wen. Jeld-Wen directed Rinderle to return all of the wood, but only the leftover wood was returned. No one ever told the Grieshops about the problem.
 {¶ 6} In February 2002, the Grieshops noticed frass in their vanities, shelving, and entertainment center. They contacted Orkin Pest Control, which found powder post beetles in each furnishing. Consequently, the Grieshops burned the entertainment center and fumigated their home.
 {¶ 7} On July 12, 2002, the Grieshops filed a complaint in the Mercer County Court of Common Pleas against Hoyng, Rinderle, and Jeld-Wen. In their complaint, the Grieshops alleged Hoyng breached their oral contract, an express warranty, and the implied warranty of merchantability. The Grieshops also alleged: that, if Hoyng acted as their agent, Rinderle breached the oral contract, the express warranty, and the implied warranty of merchantability; and that Rinderle supplied a defective product under Ohio's product liability statutes, R.C.2307.71 et seq. Furthermore, the Grieshops alleged Jeld-Wen manufactured a defective product under R.C. 2307.71 et seq. and placed the product into the stream of commerce. The Grieshops sought the cost of the entertainment center, fumigation, and other related expenses. *Page 5 
 {¶ 8} Hoyng, Rinderle, and Jeld-Wen responded to the claims and took additional action. They all filed answers denying liability. Additionally, they all filed cross-claims for indemnification against each other.
 {¶ 9} On October 1, 2003, Rinderle moved for summary judgment on the Grieshops' four claims, Hoyng's cross-claim for indemnification, and Jeld-Wen's cross-claim for indemnification. On August 9, 2004, the trial court denied Rinderle summary judgment on the Greishops' defective-product claim because genuine issues of material fact existed regarding his liability as a supplier. The trial court also denied Rinderle summary judgment on Hoyng's cross-claim for indemnification. Significantly, the trial court granted Rinderle summary judgment on Jeld-Wen's cross-claim for indemnification, finding the purchase order for the wood did not require Rinderle to indemnify Jeld-Wen.
 {¶ 10} On February 28, 2005, Rinderle moved for summary judgment for a second time on the Grieshops' four claims. On May 18, 2005, the trial court granted Rinderle summary judgment on the Grieshops' breach-of-contract claim; denied Rinderle summary judgment on the Grieshops' implied-warranty claim; and did not rule on Rinderle's motion as it pertained to the Grieshops' express-warranty claim. Furthermore, the trial court granted Rinderle summary judgment on the Grieshops' defective-product claim. Notably, however, the trial court determined a product liability statute, R.C. 2307.78(B)(2), subjected Rinderle to *Page 6 
liability on the Grieshops' defective-product claim against Jeld-Wen if Jeld-Wen asserted insolvency or became insolvent.
 {¶ 11} On August 3, 2005, Hoyng filed for bankruptcy. As a result, the trial court stayed the proceedings in this case. The trial court reactivated the proceedings nine months later. Although the bankruptcy proceeding discharged Hoyng from liability, nothing in the record indicates the trial court dismissed Hoyng from this case or otherwise disposed of the claims and cross-claims against him.[1]
 {¶ 12} On May 25, 2006, the Grieshops moved for summary judgment on their defective-product claim against Jeld-Wen. Three months later, on July 26, 2006, the trial court granted the Grieshops summary judgment. In doing so, the trial court found that the beetles infested the wood before Jeld-Wen sold it to Rinderle and that the infested wood caused the Grieshops pecuniary loss. On August 21, 2006, the trial court entered judgment against Jeld-Wen in the amount of $44,666.33.
 {¶ 13} On appeal, Jeld-Wen challenges the trial court's August 9, 2004 judgment entry, which granted Rinderle summary judgment on Jeld-Wen's cross-claim for indemnification. Jeld-Wen also challenges the trial court's July 26, 2006 judgment entry, which granted the Grieshops summary judgment on their *Page 7 
defective-product claim and awarded them $44,666.33. To do so, Jeld-Wen sets forth five assignments of error. Because jurisdiction exists to decide some but not all of those assignments of error, we address the assignments of error out of the order Jeld-Wen presented them to us.
 ASSIGNMENT OF ERROR NO. IV The trial court erred in granting summary judgment to Defendant/Appellee Rinderle in its August 9, 2004 order because the trial court failed to acknowledge that a question of material fact existed regarding Rinderle's contractual obligation to indemnify Jeld-Wen.
 {¶ 14} Jeld-Wen's fourth assignment of error challenges the trial court's August 9, 2004 judgment entry. In that assignment of error, Jeld-Wen argues genuine issues of material fact exist as to whether the purchase order for the wood required Rinderle to indemnify Jeld-Wen. Jeld-Wen, thus, concludes the trial court erred when it granted Rinderle summary judgment.
 {¶ 15} As a threshold matter, we must determine whether jurisdiction exists to decide Jeld-Wen's fourth assignment of error. This is because Article IV, Section 3(B)(2), of the Ohio Constitution limits our jurisdiction to the review of final orders. A final and appealable order must meet the requirements of R.C. 2505.02(B) and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,88, 541 N.E.2d 64. Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party *Page 8 claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
(Emphasis added.) Whether an order is final and appealable is a jurisdictional
question, which we may raise sua sponte. See Chef Italiano,44 Ohio St.3d at 87.
 {¶ 16} The August 9, 2004 judgment entry is not a final, appealable order. Several claims and cross-claims remain unresolved in this case. For example, the trial court denied Rinderle summary judgment on the Grieshops' implied-warranty claim and did not rule on the Grieshops' express-warranty claim. Nothing in the record indicates, however, that the trial court ever disposed of those claims. Nor does anything in the record indicate that the trial court dismissed Hoyng from this case or disposed of the claims and cross-claims against him.
 {¶ 17} The existence of the unresolved claims is important because the trial court did not certify the August 9, 2004 judgment entry pursuant to Civ.R. 54(B). Without the required certification, we lack jurisdiction under the circumstances to *Page 9 
decide Jeld-Wen's fourth assignment of error. We must, therefore, dismiss Jeld-Wen's appeal as it pertains to the August 9, 2004 judgment entry.
 ASSIGNMENT OF ERROR NO. V The trial court erred in overruling Jeld-Wen's motion for leave to file a motion for summary judgment.
 {¶ 18} In its fifth assignment of error, Jeld-Wen notes it moved for leave to file a motion for summary judgment after the deadline for filing dispositive motions. Since the trial court never explicitly ruled on the motion for leave, Jeld-Wen argues the trial court implicitly denied it. Jeld-Wen further argues it was error to deny that motion.
 {¶ 19} Even if we assume the trial court implicitly denied Jeld-Wen's motion for leave, an order denying leave to file a motion for summary judgment is neither final nor appealable. Ross v. Ross (1994),94 Ohio App.3d 123, 126, 640 N.E.2d 265; see, also, Mabrey v. Victory BasementWaterproofing, Inc. (1993), 92 Ohio App.3d 8, 12-13, 633 N.E.2d 1205
(finding an order denying leave to plead is neither final nor appealable in the absence of statutory authority to the contrary). As such, we lack jurisdiction to decide Jeld-Wen's fifth assignment of error. We must, therefore, dismiss Jeld-Wen's appeal as it pertains to the trial court's alleged implicit denial of Jeld-Wen's motion for leave.
 {¶ 20} By contrast, jurisdiction exists to decide Jeld-Wen's three remaining assignments of error, which challenge the trial court's July 26, 2006 judgment *Page 10 
entry. That entry constitutes a final order under R.C. 2505.02(B), and the related August 21, 2006 entry of judgment includes the necessary certification under Civ.R. 54(B).
 ASSIGNMENT OF ERROR NO. II The trial court erred in granting summary judgment to Plaintiffs/Appellees in its August 21, 2006 order and July 26, 2006 order because the proximate cause of the beetle infestation was not established as a matter of law.
 {¶ 21} In its second assignment of error, Jeld-Wen argues genuine issues of material fact exist as to whether the beetles infested the wood before the wood was sold to Rinderle. Jeld-Wen, thus, concludes the trial court erred when it granted the Grieshops summary judgment.
 {¶ 22} We review a decision to grant summary judgment de novo. Doe v.Shaffer (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and that conclusion is adverse to the non-moving party. Civ.R. 56(C); State ex rel. Cassels v. Dayton City School Dist.Bd. of Edn. (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150.
 {¶ 23} Ohio's product liability statutes provide a product may be defective in manufacture or construction, in design, due to inadequate warning, or because *Page 11 
the product does not conform to the manufacturer's representations. See R.C. 2307.71 et seq. Product liability plaintiffs like the Grieshops must establish that a defect existed in the product when the defendant manufactured and sold the product; that the defect existed when the product left the defendant's hands; and that the defect proximately caused the plaintiff's injury and/or loss. See Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 321, 4 O.O.3d 466, 364 N.E.2d 267, citing State Auto Mut. Ins. Co. v. Chrysler Corp. (1973),36 Ohio St.2d 151, 65 O.O.2d 374, 304 N.E.2d 891.
 {¶ 24} To establish the beetles infested the wood before Jeld-Wen sold it, the Grieshops point to the deposition testimony of Dr. Gary Bennett, Ph.D., an entomology professor at Purdue University. Dr. Bennett testified that, while there was no way to know the exact date, his "best guess" was that the beetles infested the wood "a couple of years" before Jeld-Wen sold it to Rinderle. Dr. Bennett further testified regarding the extensive beetle galleries and tunnels in the wood, and how the beetles probably could not have infested the wood during the short time Rinderle and Hoyng possessed it.
 {¶ 25} In opposition, Jeld-Wen speculates the beetles could have infested or reinfested the wood after the wood was sold to Rinderle. Jeld-Wen does not present any expert testimony, affidavits, or other evidence in support. Instead, *Page 12 
Jeld-Wen highlights Dr. Bennett's use of "best guess" and other phrases to substantiate its position.
 {¶ 26} Jeld-Wen's emphasis on Dr. Bennett's phrasing is misplaced. When read as a whole, Dr. Bennett's testimony repeatedly, clearly, and unambiguously establishes the beetles infested the wood "years" before Jeld-Wen sold it to Rinderle. Accordingly, we find, as did the trial court, that no genuine issues of material fact exist in this regard and that reasonable minds can reach but one conclusion. Therefore, we overrule Jeld-Wen's second assignment of error.
 ASSIGNMENT OF ERROR NO. III The trial court erred in granting summary judgment to Plaintiffs/Appellees in [sic] August 21, 2006 order and July 26, 2006 order because an issue of fact exists regarding superseding, intervening cause with respect to the beetle infestation.
 {¶ 27} In its third assignment of error, Jeld-Wen argues genuine issues of material fact exist as to whether the infested wood proximately caused the Grieshops' pecuniary loss. More specifically, Jeld-Wen argues Hoyng's failure to tell the Grieshops about the problem constituted an intervening, superseding cause. According to Jeld-Wen, that cause broke the causal chain and created a delay that required the Grieshops to fumigate their home. Jeld-Wen further argues that cause relieved it from liability for the Grieshops pecuniary loss, specifically the fumigation costs. Jeld-Wen, thus, concludes the trial court erred when it granted the Grieshops summary judgment. *Page 13 
 {¶ 28} Product liability plaintiffs like the Grieshops must prove a product defect proximately caused their injury. See Temple,50 Ohio St.3d at 321; R.C. 2307.73(A)(2). Under the particular facts of this case, the proximate cause is that which "in the natural and continued sequence of events" produced the Grieshops' pecuniary loss. SeeKemerer v. Antwerp Bd. of Edn. (1995), 105 Ohio App.3d 792, 796,664 N.E.2d 1380, citing Piqua v. Morris (1918), 98 Ohio St. 42,120 N.E. 300, paragraph one of the syllabus.
 {¶ 29} Jeld-Wen argues Hoyng's failure to tell the Grieshops about the problem constituted an intervening, superseding cause. Such a cause is a defense to both negligence and strict liability actions because any break in the causal chain relieves the original actor from liability.Leibreich v. A.J. Refrigeration, Inc. (1993), 67 Ohio St.3d 266, 269,617 N.E.2d 1068; Aldridge v. Reckart Equip. Co., 4th Dist. No. 04CA17,2006-Ohio-4964, at ¶ 80; Volter v. C. Schmidt Co. (1991),74 Ohio App.3d 36, 40, 598 N.E.2d 35, citing R.H. Macy Co. v. Otis Elevator Co. (1990), 51 Ohio St.3d 108, 554 N.E.2d 1313, syllabus.
 {¶ 30} Whether an intervening, superseding cause breaks the causal chain and relieves the original actor from liability depends on two factors. See Cascone v. Herb Kay Co. (1983), 6 Ohio St.3d 155,6 OBR 209, 451 N.E.2d 815, paragraph one of the syllabus. First, whether the cause "was a conscious and responsible *Page 14 
agency which could or should have eliminated the hazard." Id. And, second, "whether the cause was reasonably foreseeable by [the original actor]." Id.
 {¶ 31} To determine "whether the cause was reasonably foreseeable," the test "is whether the original and successive [causes] may be joined together as a whole, linking each of the actors as to the liability, or whether there is a new and independent act or cause which intervenes and thereby absolves the [original actor]." Cascone, 6 Ohio St.3d at 160,451 N.E.2d 815. The term "new" means the subsequent cause could not reasonably have been foreseen. Liebreich, 67 Ohio St.3d at 269,617 N.E.2d 1068, citing R.H. Macy, 51 Ohio St.3d at 111, 554 N.E.2d 1313, citing 1 Ohio Jury Instructions (1983), Section 11.30. The term "independent" means the absence of a connection or relationship of cause and effect between the original and subsequent cause. Id.
 {¶ 32} Whether an intervening, superseding cause exists is ordinarily a question of fact for the jury. Cascone, 6 Ohio St.3d at 160,451 N.E.2d 815. That determination "involves a weighing of the evidence, and an application of the appropriate law to such facts, a function normally to be carried out by the trier of facts." Id.
 {¶ 33} The facts in this case are such that we fail to see how reasonable minds could differ as to whether Hoyng's alleged inaction constituted a "new and independent" cause or broke the causal chain. Hoyng installed the furnishings and *Page 15 
thereby introduced the beetles into the Grieshop home. This unusual, hidden defect caused immediate harm that required the Grieshops to destroy and replace the furnishings and to fumigate to ensure against any structural damage. The Grieshops attached to their motion for summary judgment the affidavit of John Lemons, Vice President of Rose Pest Solutions, establishing as much. The Grieshops also attached their own affidavit, which provided they would have fumigated their home to ensure against any structural damage regardless of whether Hoyng had notified them.
 {¶ 34} In short, Jeld-Wen did not offer any evidence establishing that Hoyng should have eliminated the unknown hazard or that anything Hoyng did or did not do constituted a "reasonably foreseeable" intervening and superseding cause. No genuine issues of material fact exist herein. And the facts are such that reasonable minds could only conclude Hoyng's alleged inaction did not relieve Jeld-Wen from liability. Consequently, we overrule Jeld-Wen's third assignment of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred in granting summary judgment to Plaintiffs/Appellees in [sic] August 21, 2006 order and July 26, 2006 order because the economic loss doctrine bars recovery against Jeld-Wen as a matter of law.
 {¶ 35} In its first assignment of error, Jeld-Wen argues the economic-loss doctrine precludes the Grieshops from recovering for their pecuniary loss because *Page 16 
the infested wood did not cause the Grieshops personal injury and/or property damage. Jeld-Wen, thus, concludes the trial court erred when it granted the Grieshops summary judgment.
 {¶ 36} Nothing in the record indicates Jeld-Wen raised its argument regarding the economic-loss doctrine with the trial court, either in response to the Grieshops' motion for summary judgment or at any other time. As such, Jeld-Wen waived its argument for purposes of appeal. SeeHood v. Rose, 153 Ohio App.3d 199, 2003-Ohio-3268, 792 N.E.2d 736, at ¶¶ 9-11. Accordingly, we must overrule Jeld-Wen's first assignment of error.
 {¶ 37} In sum, we affirm the trial court's July 26, 2006 judgment and award regarding the Grieshops. We must, however, dismiss Jeld-Wen's appeal as it pertains to the trial court's August 9, 2004 judgment entry regarding Rinderle and the trial court's alleged implicit denial of Jeld-Wen's motion for leave to file a motion for summary judgment.
Judgment affirmed, appeal dismissed in part and cause remanded.
ROGERS, P.J., and SHAW, J., concur.
[1] For purposes of clarity, we note Hoyng did not participate in this appeal. *Page 1