[Cite as *Avery v. Dept. of Rehab. & Corr.*, 2017-Ohio-7376.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Edward B. Avery, Sr.,       :

   Plaintiff-Appellant,     :

                  **No. 16AP-856**
v.               :    (Ct. of Cl. No. 2015-00830)

Ohio Department of Rehabilitation   :    (ACCELERATED CALENDAR)
and Correction,

              :
   Defendant-Appellee.

              :

D E C I S I O N

Rendered on August 29, 2017

**On brief:** *Edward Clark Corley*, for appellant. **Argued:** *Edward Clark Corley.*

**On brief:** *Michael DeWine*, Attorney General, and *Jeanna V. Jacobus*, for appellee. **Argued:** *Jeanna V. Jacobus.*

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Edward B. Avery, Sr., appeals from a judgment of the Court of Claims of Ohio overruling Avery's objections and adopting the magistrate's decision that dismissed Avery's complaint pursuant to Civ.R. 41(B)(2). Because appellant presented no evidence qualifying as expert medical testimony to establish proximate causation for his medical negligence claim, we affirm.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2}   Avery, an inmate at the Marion Correctional Institution ("MCI"), filed a complaint for medical negligence against defendant-appellee, Ohio Department of Rehabilitation and Correction, alleging that he suffered injuries as a result of appellee's medical personnel prescribing a medication to which he was allergic.   The case was referred to a magistrate and proceeded to trial.  Avery appeared at trial pro se.

{¶ 3}   Avery testified that on September 9, 2014, he experienced lower abdominal pain and went to the infirmary at MCI for diagnosis and treatment.  Avery was examined by a nurse who took a urine sample.  Avery was diagnosed with a urinary tract infection. Avery stated that he waited in the hallway while the nurse consulted with a doctor outside of his presence.   The nurse returned with an unidentified medication.   The nurse instructed him to take the medication once in the morning and once at night, and she advised him to avoid caffeine.  According to Avery, the nurse provided him no further information about the medication.

{¶ 4}   Within the following few days, Avery experienced redness in his eyes and a soar throat.  He later also experienced rashes and diarrhea and a continuation of the lower abdominal pain that prompted his initial visit to the infirmary.  Avery testified that by September 17, 2014, he had welts on his skin and his body hurt.  Avery called the infirmary and was advised to purchase an over-the-counter medication in the commissary, and if that did not alleviate his symptoms, he should submit a health services request form.  Avery submitted the form requesting further medical attention.

{¶ 5}   Avery was seen again by a nurse who examined him and reviewed his medical file.  According to Avery, the nurse told him that it appeared he was having an allergic reaction to the medication that he had been prescribed.  Avery further testified that he was allergic to Bactrim and the nurse told him that the medication he had been prescribed was equivalent to Bactrim.  Avery further stated that he was then seen by a nurse practitioner who concurred with the nurse's findings.  Avery received a shot of Benadryl and was prescribed Prednisone.

{¶ 6}   Thereafter, Avery testified that his symptoms began to dissipate, although the lower abdominal pain continued to be significant and persistent for some time.

According to Avery, he later reviewed his medical file and saw that he was allergic to Bactrim, and that he had had the same allergic reaction to Bactrim a year earlier.

{¶ 7} Avery offered no further testimony or witnesses. However, he moved to admit into evidence certain documents allegedly contained in his medical file as well as several documents relating to a grievance he filed in connection with his medical treatment. Because these documents were unauthenticated, the magistrate refused to admit them into evidence. However, the documents were proffered and are part of the record.

{¶ 8} Following the completion of Avery's testimony, appellee moved for dismissal of Avery's claim pursuant to Civ.R. 41(B)(2). Appellee asserted Avery's medical negligence claim had to be dismissed because Avery failed to present any expert testimony to establish a breach of the standard of care or proximate causation. The magistrate granted appellee's motion.

{¶ 9} Avery filed objections to the magistrate's decision. However, Avery did not file a transcript of the proceedings before the magistrate. Therefore, the trial court, in ruling on Avery's objections, was unable to review the basis for the magistrate's factual findings. Accordingly, the trial court accepted the magistrate's factual findings and limited its review to the magistrate's legal conclusions. The trial court agreed with the magistrate that Avery's failure to present expert testimony on the issues of breach of the standard of care and proximate cause required dismissal of his medical negligence claim pursuant to Civ.R. 41(B)(2). Therefore, the trial court overruled Avery's objection, adopted the magistrate's decision, and dismissed Avery's case.

{¶ 10} Avery appeals, assigning the following errors:

> I. The trial court erred in granting the defendant-appellee's motion to dismiss pursuant to Civ.R. 41(B)(2), based upon a finding that expert testimony was required on the element of causation and to establish the standard of care.
>
> II. The trial court erred in denying the admission of the decision of the chief inspector of a grievance appeal, into evidence.

## LEGAL ANALYSIS

{¶ 11} For ease of analysis, we begin with Avery's second assignment of error. Avery argues that the trial court erred in refusing to admit into evidence the decision of the chief inspector on Avery's appeal of his grievance. We disagree.

{¶ 12} Because Avery did not file the trial transcript prior to the trial court's consideration of his objections to the magistrate's decision, the trial court could not review whether Avery laid a proper foundation for the admission of this document at trial. On appeal, Avery argues that the chief inspector's decision is self-authenticating under Evid.R. 902(5) and that it falls within an exception to the hearsay rule. Again, we disagree.

> Evid.R. 902(5) provides as follows:
>
> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> (5) Official publications. Books, pamphlets, or other publications purporting to be issued by public authority.

{¶ 13} The decision of the chief inspector on Avery's appeal of his grievance is not a book, pamphlet, or other official publication. Therefore, Evid.R. 902(5) is inapplicable. Accordingly, the trial court did not err when it rejected Avery's contention that the chief inspector's decision is self-authenticating. For this reason, we overrule Avery's second assignment of error.[1]

{¶ 14} In his first assignment of error, Avery contends that the trial court erred when it dismissed his medical negligence claim pursuant to Civ.R. 41(B)(2) due to his failure to provide expert medical testimony to establish a standard of care, a breach thereof, and proximate causation. Again, we disagree.

{¶ 15} In order to prove medical negligence, Avery had to demonstrate by a preponderance of the evidence that his injury was proximately caused by the medical provider's failure to comply with the applicable standard of care. *Carter v. Vivyan*, 1oth Dist. No. 11AP-1037, 2012-Ohio-3652, ¶ 16; *Gordon v. Ohio State Univ.*, 10th Dist. No. 10AP-1058, 2011-Ohio-5057, ¶ 67. In medical negligence cases, "the general rule is that

---

[1] Because the chief inspector's decision was not properly authenticated, it was not admissible. Therefore, the hearsay issue is moot and we decline to address it.

the plaintiff must prove causation through medical expert testimony in terms of probability to establish the injury was, more likely than not, caused by the defendant's negligence." *Roberts v. Ohio Permanente Med. Group*, 76 Ohio St.3d 483, 485 (1996).

{¶ 16} Avery argues that he did not need to present expert testimony to establish a breach of the standard of care because it is within the common knowledge of an ordinary lay person that a medical practitioner should not prescribe a medication to a patient when the medical practitioner knows or should have known that the patient is allergic to the medication. Avery relies on *Culp v. Olukoga*, 4th Dist. No. 12CA3470, 2013-Ohio-5211, which cites a number of Ohio cases that have recognized a common-knowledge exception where gross inattention during patient care or miscommunication with a patient is involved. Even if we were to accept Avery's argument that expert testimony was unnecessary in this case to establish a breach of the standard of care, he still needed to prove proximate causation. Avery makes no attempt to argue that the symptoms associated with an allergic reaction to Bactrim are within the ordinary knowledge of a lay person. Rather, Avery argues he proved proximate causation by describing what he was told by appellee's medical personnel and by a reference to the cause of his symptoms in the decision of the chief inspector who reviewed the appeal of Avery's grievance. This evidence does not qualify as expert medical evidence and is insufficient to prove proximate causation.

{¶ 17} As previously noted, the chief inspector's decision was not properly authenticated, and therefore, was not admitted into evidence. Therefore, Avery's reliance on any statement contained therein is misplaced. Although Avery also testified about what a nurse and a nurse practitioner told him regarding the cause of his symptoms, that evidence does not qualify as expert testimony. The magistrate made no finding that the nurse and/or nurse practitioner are familiar with the symptoms associated with an allergic reaction to Bactrim or are otherwise qualified to express an opinion concerning whether Avery's symptoms were proximately caused by the medication he was prescribed. Evid.R. 702(B) (witness may testify as expert if witness is qualified by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony). Nor were the statements Avery attributed to them expressed in terms of a reasonable degree of medical certainty. *Stinson v. England*, 69 Ohio St.3d 451 (1994),

paragraph one of the syllabus (expert opinion about causation is admissible only if expressed in terms of probability or a reasonable degree of scientific certainty). Therefore, even if Avery did not need expert testimony to prove a breach of the standard of care, his failure to provide expert testimony to establish proximate causation required the trial court to dismiss his medical negligence claim pursuant to Civ.R. 41(B)(2). Accordingly, we overrule Avery's second assignment of error.

{¶ 18} Having overruled Avery's two assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

———————————