[Cite as *State v. Schadhauser*, 2018-Ohio-3282.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

William Schadhauser,                          :

      Plaintiff-Appellant,                  :                  No. 17AP-794
                                              (Ct. of Cl. No. 2016-349)

v.                                            :

Ohio Department of                            :
Rehabilitation and Correction,                                     (REGULAR CALENDAR)

                                                            :

      Defendant-Appellee.                   :

William Spikes,                               :

      Plaintiff-Appellant,                  :                  No. 17AP-795
                                            :                  (Ct. of Cl. No. 2016-423)

v.                                            :

                                             :                  (REGULAR CALENDAR)

Ohio Department of                            :
Rehabilitation and Correction,

      Defendant-Appellee.                   :

Jared T. Ferguson,                            :

      Plaintiff-Appellant,                  :                  No. 17AP-796
                                            (Ct. of Cl. No. 2016-657)

v.                                            :

Ohio Department of                            :                  (REGULAR CALENDAR)
Rehabilitation and Correction,

      Defendant-Appellee.                   :

---

# D E C I S I O N

Rendered on August 16, 2018

---

**On brief:** *Swope and Swope*, and *Richard F. Swope*, for appellants. **Argued:** *Richard F. Swope.*

**On brief:** *Michael DeWine*, Attorney General, *Jeanna V. Jacobus*, and *Peter E. DeMarco,* for appellee. **Argued:** *Peter E. DeMarco.*

---

APPEALS from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1}   Plaintiffs-appellants, William Schadhauser, William Spikes, and Jared T. Ferguson, appeal from an entry of the Court of Claims of Ohio granting the motion for summary judgment of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC").  For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2}   In April 2016, appellants each filed an individual complaint against ODRC asserting a negligence claim.  Appellants are all inmates or prior inmates of ODRC once housed at Chillicothe Correctional Institution ("CCI"), and each of the individual appellants have been diagnosed with a medical condition known as histoplasmosis. Appellants alleged in their complaints that they contracted histoplasmosis due to their exposure to pigeon feces while incarcerated at CCI.  The three complaints alleged ODRC had a duty to eliminate the pigeons or more thoroughly clean up the pigeon feces and that ODRC's failure to do so was a breach of a duty that proximately caused appellants' histoplasmosis.  ODRC answered in each case, denying any negligence.  The trial court then consolidated all three cases.

{¶ 3}   Upon setting a trial schedule, the trial court imposed an expert disclosure deadline for appellants of March 1, 2017.  After several extensions, the final date by which to disclose expert witnesses was July 24, 2017.  Appellants never submitted a list of experts or any expert reports.  As a result, on August 9, 2017, ODRC moved for summary judgment, arguing appellants could not prove their claims without expert opinions. Appellants responded with an August 29, 2017 memorandum contra in which they cited only the affidavits of the individual appellants and their attorney but did not provide any medical records or expert opinions to the court.

{¶ 4} Subsequently, the trial court granted ODRC's motion for summary judgment. The trial court noted that expert testimony is required to establish appellants contracted histoplasmosis as a proximate result of their exposure to pigeon feces while incarcerated at CCI. Because appellants failed to disclose any expert witnesses or copies of expert reports, the trial court concluded appellants' negligence claims must fail. Additionally, the trial court refuted appellants' claim that an alleged "admission" from an unidentified treating physician contained in appellants' affidavits was sufficient to constitute an expert opinion. (Oct. 11, 2017 Entry at 7.) For these reasons, the trial court granted ODRC's motion for summary judgment, journalizing its decision in an October 11, 2017 entry. Appellants timely appeal.

## II. Assignment of Error

{¶ 5} Appellants assign the following error for our review:

> The trial court erred when it granted defendant-appellee's motion for summary judgment.

## III. Standard of Review and Applicable Law

{¶ 6} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 7} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the

nonmoving party's claims.  *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997).  Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial.  *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

## IV. Discussion

{¶ 8}  In their sole assignment of error, appellants argue the trial court erred in granting ODRC's motion for summary judgment.  More specifically, appellants argue they provided sufficient evidence in opposition to ODRC's motion for summary judgment to create a genuine issue of material fact.

{¶ 9}  To establish a claim of actionable negligence, appellants must prove, by a preponderance of the evidence, that ODRC owed them a duty, that ODRC's acts or omissions resulted in a breach of that duty, and that the breach proximately caused their injuries.  *Harris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-466, 2013-Ohio-5714, ¶ 9, citing *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 8. " 'In the context of a custodial relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks.' " *Franks v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-442, 2013-Ohio-1519, ¶ 17, quoting *Woods v. Ohio Dept. of Rehab. & Corr.*, 130 Ohio App.3d 742, 745 (10th Dist.1998).  However, the state is not an insurer of an inmate's safety and "owes the duty of ordinary care only to inmates who are foreseeably at risk."  *Harris* at ¶ 9, citing *Franks* at ¶ 17.

{¶ 10} Appellants asserted in their negligence claims that ODRC had a duty to keep pigeons away from CCI or to achieve the removal of pigeon feces from the premises of CCI and that because ODRC breached that duty, appellants contracted histoplasmosis as a proximate result.  The trial court granted ODRC's motion for summary judgment on the basis that appellants did not submit sufficient evidence of the type contemplated in Civ.R. 56 as to the causation of their histoplasmosis.  While a plaintiff may rely on circumstantial evidence to establish proximate causation, " ' "there must be evidence of circumstances which will establish with some degree of certainty that the alleged negligent acts caused the injury." ' "  *Harris* at ¶ 15, quoting *Mills v. Best Western Springdale*, 10th Dist. No.

08AP-1022, 2009-Ohio-2901, ¶ 20, quoting *Woodworth v. New York Cent. R.R. Co.*, 149 Ohio St. 543, 549 (1948). "It is well-established that when only speculation and conjecture is presented to establish proximate causation, the negligence claim has failed as a matter of law." *Harris* at ¶ 15, citing *Mills* at ¶ 20.

{¶ 11} In general, an issue that involves a question of scientific inquiry that is not within the knowledge of layperson is an issue that requires expert testimony to prove. *Harris* at ¶ 16, citing *Stacey v. Carnegie-Illinois Steel Corp.*, 156 Ohio St. 205 (1951). *See also Mills* at ¶ 22 ("[u]nless a matter is within the comprehension of a layperson, expert testimony is necessary" under Evid.R. 702 and 703, as "[e]xperts have the knowledge, training and experience to enlighten the jury concerning the facts and their opinion regarding the facts"), citing *Ramage v. Cent. Ohio Emergency Servs. Inc.*, 64 Ohio St.3d 97, 102 (1992). As this court has noted, the mechanisms for contracting specific medical conditions typically are not within the knowledge of a layperson. *Harris* at ¶ 17 (noting the mechanisms for contracting methicillin-resistant staphylococcus arueus infection and information regarding how it is transmitted require expert testimony). More specifically here, the causes and intricacies of histoplasmosis are not within the knowledge of a layperson and require expert testimony to establish.

{¶ 12} An independent review of the record indicates appellants did not submit the names of any expert witnesses or include the reports of any expert witnesses to establish the causation of appellants' histoplasmosis. In its motion for summary judgment, ODRC noted the trial court's deadline for the disclosure of expert witnesses had passed without appellants having filed the names of any experts or any expert reports. Thus, based on appellants' theory of negligence, we conclude ODRC met its initial burden on summary judgment on the issue of proximate cause, giving rise to appellants' reciprocal burden under Civ.R. 56(E).

{¶ 13} Despite appellants' failure to disclose the names of any expert witnesses or include any expert reports in their response to ODRC's motion for summary judgment, appellants nonetheless argue their personal affidavits submitted in their memorandum contra ODRC's motion for summary judgment contained sufficient evidence of causation to create a genuine issue of material fact for trial. In his affidavit, Spikes avers that unnamed doctors from the Ohio State University Wexner Medical Center "told [him] the

exposure to bird droppings at [CCI] caused [his] [h]istoplasmosis." (Spikes Aff. At ¶ 8.) Ferguson's affidavit contains an averment that a physician from Ohio State he identifies only as Dr. McGuire "diagnosed [him] with [h]istoplasmosis, asking if there was a large pigeon population." (Ferguson Aff. at ¶ 6.) Finally, Schadhauser's affidavit contains an averment that while his attorney "was unable to find a local expert in the field of [h]istoplasmosis," Schadhauser "firmly believe[s] it was from the exposure to bird droppings at [CCI]" that caused his condition and that "[d]octors at the prison would acknowledge the pigeon droppings and [his] exposure did cause [his] condition." (Schadhauser Aff. at ¶ 5.)

{¶ 14} These averments are insufficient to create a genuine issue of material fact regarding causation under Civ.R. 56(E). First, the statements attributed to people other than the affiant are hearsay. " '[H]earsay statements, unless an exception to the hearsay rule, are not admissible evidence in a summary judgment context.' " *Ocwen Loan Servicing, LLC v. Graf*, 10th Dist. No. 17AP-361, 2018-Ohio-2411, ¶ 38, quoting *Guernsey Bank v. Milano Sports Enters., LLC*, 177 Ohio App.3d 314, 2008-Ohio-2420, ¶ 59 (10th Dist.). Though appellants attempt to frame these statements as "admissions" of a party-opponent, presumably in an attempt to render them admissible under Evid.R. 801(D)(2), the statements were not made by ODRC.

{¶ 15} Moreover, even if we were to deem the proffered statements somehow admissible, the statements do not rise to the level of an expert opinion. Pursuant to Evid.R. 702(B), a witness may testify as an expert when the witness qualifies as an expert by "specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony." *Jarvis v. Hasan*, 10th Dist. No. 14AP-578, 2015-Ohio-1779, ¶ 25, citing *State v. Roush*, 10th Dist. No. 12AP-201, 2013-Ohio-3162, ¶ 44. Appellants' affidavits offered no information regarding the qualifications of the unnamed doctors to opine on the subject of histoplasmosis. Instead, the affidavits contained conclusory statements that appellants' treating physicians informed them their histoplasmosis was caused by exposure to pigeon feces while incarcerated at CCI. The conclusory allegations are insufficient to constitute an expert opinion. *See Avery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-856, 2017-Ohio-7376, ¶ 16; *Harris* at ¶ 15. Appellants' promise

of more detailed testimony at trial is not sufficient to overcome ODRC's motion for summary judgment.

{¶ 16} Having reviewed the entire record, we conclude appellants failed to satisfy their burden under Civ.R. 56(E) to demonstrate that a genuine issue of material fact exists with respect to causation. Accordingly, the trial court did not err in granting ODRC's motion for summary judgment. Thus, we overrule appellants' sole assignment of error.

## V. Disposition

{¶ 17} Based on the foregoing reasons, the trial court did not err in granting ODRC's motion for summary judgment. Having overruled appellants' sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN, P.J., and TYACK, J., concur.

TYACK, J., concurring.

{¶ 18} The medical dictionaries I own both define histoplasmosis as a disease of the lymph nodes resulting from exposure to a fungus of the genus histoplasma ("histoplasma capsulatum"). It is usually without symptoms or severe progressive generalized involvement of the lymph nodes. It is endemic to the Mississippi and Ohio River valleys.

{¶ 19} The disease can result from exposure to bat feces or bird feces, but can result from any exposure to the spore of the genus histoplasma capsulatum. This technical medical information reinforces what is in the majority opinion. This technical medical information also explains why it is virtually impossible to find an expert who will opine on the source of the spores which caused the infection in these three inmates.

{¶ 20} This does not excuse ODRC from doing a better job of keeping Chillicothe Correctional Institution ("CCI") clean and safe. CCI has been around for over 70 years, having served as a federal prison before becoming the property of ODRC. Due to its age, it requires more upkeep then a newer institution. ODRC should either invest the funds to make it more habitable or close it.

_____