[Cite as *Sultaana v. Barkia Ents., Inc.*, 2020-Ohio-4468.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

AMIRAH SULTAANA,                           :

    Plaintiff-Appellant,            :

                                              No. 109122

    v.                              :

BARKIA ENTERPRISES, INC.,                  :

    Defendant-Appellee.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 17, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-911532

---

### *Appearances:*

Amirah Sultaana, *pro se.*

Law Offices of Steven J. Proe and Victoria D. Barto, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant, Amirah Sultaana, appeals the trial court's decision granting summary judgment in favor of defendant-appellee, Barkia Enterprises, Inc. For the reasons that follow, we affirm the trial court's judgment.

**{¶ 2}** In February 2019, Sultaana filed a complaint against Barkia asserting causes of action for (1) product liability and (2) negligence/negligence per se. She alleged that on February 12, 2018, she bought a Chinese eggplant, at Barkia's grocery store d.b.a. Park to Shop Supermarket. Nine days later, on February 21, 2018, Sultaana allegedly consumed the eggplant. According to the complaint and exhibits attached, she woke during the night with stomach pain and began vomiting, which lasted into the following day. On February 22, 2018, she went to the Cleveland Clinic for treatment of her symptoms. According to medical records, the Clinic treated Sultaana for "intractable vomiting with nausea, unspecified vomiting type; periumbilical abdominal pain." She claims to have suffered from "[i]mmune System Weakness, Fatigue, Respiratory Problem, Vomiting, Nausia [sic] Dizziness, Acute Abdominal Pain, Severe Back Pain, Muscle Ache, Mental Anguish, Loss of Rest, Headache, etc." Sultaana alleges that the eggplant caused her to suffer from a foodborne illness.

**{¶ 3}** The trial court granted summary judgment in favor of Barkia finding that Sultaana "failed to demonstrate that the Chinese eggplant that she purchased from the defendant proximately caused her illness. [She] has not identified any expert witness to testify as to her medical condition."

**{¶ 4}** Sultaana now appeals, raising the following five assignments of error:

**Assignment of Error [1.]**
Trial court abused its discretion in not granting [her] motion to re-set [the] dispositive motion cut-off date while abusing its discretion in granting [Barkia's] motion for summary judgment.

**Assignment of Error No. 2:**
Trial court is not permitted to weight [sic] evidence or resolved issues of credibility on judgment [* * *]
[]*Cook v. Reising*, 181 Ohio App.3d 546, 2009-Ohio-1131 (9th Dist.)

**Assignment of error No. 3:**
*McKinney v. Stoltzfus*, 9th Dist. Summit No. 119641, 1985 WL 10704 *2 (Apr. 24, 1985) [* * *]
Summary judgment credibility is not a factor

**Assignment of Error No. 4:**
In the absence of an expert medical opinion, summary judgment causation is proper [expert medical opinion not always a factor] [* * * ]
*Bogner v. Titleist Club, L.L.C.*, 6th Dist. Wood No. WD-06-039, 2006-Ohio-7003, citing *Darnell* at syllaby [sic]

**Assignment of Error No. 5:**
The trial court abused its discretion in granting appelle[e] summary judgment due to the fact of appellee failure to provide nutritional history and condition of eggplant
*Miller v. Atlantic Bottling*:
Expert testimony is not always necessary to prove causation in unfit food poisoning cases.

**{¶ 5}** Despite raising these assignments of error, Sultaana, presents and

argues the following issue on appeal:

Whether the trial court abused its discretion in not granting [her] motion to re-set [the] dispositive motion cut-off date while abusing its discretion in granting [Barkia's] motion for summary judgment.

Accordingly, the issues before this court are whether the trial court (1) abused its

discretion in denying her request to reschedule the dispositive motion deadline; and

(2) erred in granting summary judgment in favor of Barkia.

## I.  Dispositive Motion Deadline

**{¶ 6}** Trial courts have inherent power to manage their own dockets and

the progress of the proceedings before them. *State ex rel. Charvat v. Frye*, 114 Ohio

St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23. Whether to grant or deny a motion to extend a court-ordered deadline is a decision within the trial court's sound discretion. Civ.R. 6(B) (allowing the trial court to extend deadlines "in its discretion").

{¶ 7} At the May 2, 2019 status conference, the trial court set the dispositive motion deadline for July 15, 2019. On June 27, 2019, Sultaana requested the trial court for a 30-day extension of the discovery cut-off and the dispositive motion deadlines to allow Barkia time to respond to her discovery requests. Barkia did not oppose the request, and the court granted Sultaana's request, extending the discovery deadline to August 2, 2019, and the dispositive motion deadline to August 15, 2019. The trial court held in abeyance Barkia's motion for summary judgment filed on July 15, 2019.

{¶ 8} On August 1, 2019, Sultaana filed a motion compel contending that she had not received any response from Barkia on her discovery request. She simultaneously filed a copy of the discovery request she sent to Barkia on July 22, 2019. Barkia responded that it never received her discovery request until Sultaana filed with the court her motion to compel and the discovery request.

{¶ 9} On August 15, 2019, the reset dispositive motion extension deadline, Sultaana filed a second request for an extension of the dispositive motion deadline. She requested an extension until after (1) the court ruled on her motion to compel and (2) she received Barkia's responses to her discovery request. Barkia opposed the motion to extend time contending that (1) it had not received the discovery

request until Sultaana filed a copy with the court; and (2) the discovery requested by Sultaana would not produce any evidence or facts that the address the issue of proximate cause, which is required to rebut the arguments Barkia raised in its filed summary judgment. Barkia further maintained that it had complied with all case management deadlines, it did not oppose Sultaana's first extension of time, and granting the Sultaana's motion would further delay proceedings and was prejudicial. The trial court summarily denied Sultaana's motions to compel and for a second extension of time.

{¶ 10} Sultaana contends on appeal that the court abused its discretion by denying her request for a second extension of time because "appellee had to be compelled to provide discovery * * * so [she] could file her dispositive motion." Sultaana does not cite to any legal authority to support her argument.

{¶ 11} We initially note that Barkia did not have to be compelled to provide discovery. The record shows that on July 18, 2019, the trial court granted Sultaana an extension for discovery until August 2, 2019. Despite requesting for the extension in June, Sultaana waited until July 22, 2019, to serve Barkia with her discovery request. In her discovery request, she allowed Barkia to respond "within the time specified by the Rules of Civil Procedure or by the Court Order * * * including request for admission." Under the discovery rules, Barkia is afforded at least 28 days, unless otherwise noted, to respond, and we note that it filed its notice of response on August 21, 2019.

**{¶ 12}** In this case, we find nothing arbitrary, unreasonable, or unconscionable about the trial court's decision denying Sultaana's second request to reset the dispositive motion deadline  *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983) (an abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable).  The basis for Sultaana's first request for an extension of discovery and dispositive motion deadline was because she claimed she was serving Barkia her discovery request and it would need 30 days to respond.  However, Sultaana did not serve that request on Barkia until July 22, 2019, almost 30 days after she originally sought an extension and 10 days prior to the new discovery deadline.  Any delay in receiving discovery from Barkia that purportedly prevented her from filing her own disposition motion was caused by Sultaana, not Barkia.  Accordingly, we find no abuse of discretion by the trial court in denying her request to reset the dispositive motion deadline.

## II.  Summary Judgment

**{¶ 13}** We review a trial court's decision on a motion for summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only reach a conclusion that is adverse to the nonmoving party.  *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 210 (1998).

{¶ 14} The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The moving party has the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Id.* After the moving party has satisfied this initial burden, the nonmoving party has a reciprocal duty to set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue of material fact. *Id.*

{¶ 15} Initially, we note that Sultaana's brief does not comply with App.R. 16 because she does not argue each assignment of error regarding summary judgment separately and fails to support her arguments with legal authority. App.R. 16(A)(7) requires "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of contentions, with citations to the authorities, statutes, and parts of the record o which appellant relies." Although an appellate court may jointly consider assignments of error that are related, the parties do not have the same option and must separately argue each assignment of error. *Fiorilli Constr., Inc. v. A. Bonamase Contracting, Inc.*, 8th Dist. Cuyahoga No. 94719, 2011-Ohio-107, ¶ 30.

{¶ 16} Sultaana raises general statements in her second, third, and fourth assignments of error. The statements are not in compliance with App.R. 16(A)(7), and they raise issues that the trial court did not consider in granting summary

judgment in favor of Barkia. Under App.R. 12(A)(2), an appellate court "may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief, as required under App.R. 16(A)." Thus, it would be within our discretion to simply disregard Sultaana's assignments of error pertaining to summary judgment and summarily affirm the trial court. *Cleveland v. Posner*, 188 Ohio App.3d 421, 2010-Ohio-3091, 935 N.E.2d 882, ¶ 6 (8th Dist.). Nevertheless, even addressing the assignments of error, we find that the trial court did not err in granting summary judgment in favor of Barkia

{¶ 17} In this case, Sultaana brought causes of action for (1) product liability, which is strict liability in tort, and (2) negligence/negligence per se. In these theories of recovery, she bears the burden of proving that Barkia's product and or negligence was the proximate cause of her injury. *See R.H. Macy & Co. v. Otis Elevator Co.*, 51 Ohio St.3d 108, 110, 554 N.E.2d 1313 (1990), citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 321, 364 N.E.2d 267 (1977) (proximate causation is a necessary element in proving a products liability case); *Sikora v. Wenzel*, 88 Ohio St.3d 493, 495, 727 N.E.2d 1277 (2000) (negligence per se requires proof of proximate cause); *Rieger v. Giant Eagle, Inc.*, 157 Ohio St.3d 512, 2019-Ohio-3745, 138 N.E.3d 112, ¶ 10, citing *Strother v. Hutchinson*, 67 Ohio St.2d 282, 286-287, 423 N.E.2d 467 (1981) (negligence requires proof that defendant's breach of a duty was proximate cause of the injury.)

{¶ 18} To establish proximate cause, Sultaana must prove that her injuries were the "natural and probable consequence" of Barkia's product or act. *Strother* at

287. "Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion." *Darnell v. Eastman*, 23 Ohio St.2d 13, 17, 261 N.E.2d 114 (1970), syllabus. "The development of a medical condition is typically not within the knowledge of a layperson, thus requiring a medical expert to establish causation of the medical condition." *Lloyd v. Rogerson*, 9th Dist. Wayne No. 18AP0024, 2019-Ohio-2606, ¶ 37, citing *Schadhauser v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin Nos. 17AP-794, 17AP-795, 17AP-796, 2018-Ohio-3282, ¶ 11.

{¶ 19} In her complaint, Sultaana alleges that the Chinese eggplant she purchased from Barkia and consumed nine days later caused her to suffer from a foodborne illness and experience intractable vomiting. Barkia moved for summary judgment contending that Sultaana failed to provide any expert opinion, report, or medical record on the issue of proximate cause. Although Sultaana produced medical records that demonstrate that she suffered from intractable vomiting and abdominal pain, Barkia maintains that the medical records provided do not mention food poisoning as the cause of her conditions.

{¶ 20} In response, Sultaana asserts that a genuine issue of material fact exists to defeat summary judgment. In support, she provides (1) her own affidavit in which she avers that Barkia sold her an adulterated eggplant that proximately caused her digestive conditions; (2) medical records dated February 22, 2018, from

the Cleveland Clinic; (3) the initial letter she sent to Barkia complaining about her food-borne illness, along with receipt of purchase; and (4) numerous internet printouts regarding to eggplant shelf life, certain prescription drugs, and information on intractable vomiting and periumbilical pain. On appeal, she summarily maintains that "genuine issue of material fact exist[s] since [she] provided affidavits in her opposition * * * while informing [Barkia that] Cleveland Clinic is her expert testimony."[1]

{¶ 21} This court finds that the documentary evidence Sultaana submitted does not satisfy her reciprocal burden of demonstrating the existence of a genuine issue of material fact. In her affidavit, she avers that the Chinese eggplant she purchased and consumed from Barkia's grocery store "proximately caused" her symptoms. Sultaana relies on her own statements that these symptoms are consistent with food poisoning. This reliance, however, does not create a genuine issue of material fact because the medical records that she provides do not demonstrate that a food-borne illness caused any of her symptoms. *See FIA Card Servs., N.A. v. Pfundstein*, 8th Dist. Cuyahoga No. 101808, 2015-Ohio-2514, ¶ 16. ("[A] self-serving affidavit standing alone, without corroborating materials contemplated by Civ.R. 56, is simply insufficient to overcome a properly supported motion for summary judgment.").

---

[1] We note that Sultaana attached other documentary evidence to her appellate brief, which was not part of her brief in opposition to summary judgment.

{¶ 22} In *Marzocco v. Taco Bell Corp.*, 2d Dist. Montgomery No. 17818, 2000 Ohio App. LEXIS 62 (Jan. 14, 2000), the Second District considered a similar case involving alleged food poisoning after two women ate at a Taco Bell restaurant. The *Marzocco* plaintiffs relied on their own statements that their symptoms were consistent with food poisoning. The court held that foodborne illness is a medical condition that requires expert medical opinion to prove that a particular illness caused the symptoms the plaintiffs suffered. *Id.* at 7. The court concluded that because the plaintiffs did not present any medical evidence to support their assertions, the trial court properly granted summary judgment in favor of Taco Bell. *Id.*

{¶ 23} Much like the *Marzocco* plaintiffs, Sultaana has not provided any medical evidence, expert or otherwise, demonstrating that the Chinese eggplant that she consumed nine days after purchase proximately caused her medical condition. Accordingly, even construing the evidence most strongly in favor of Sultaana, this court finds that no genuine issue of material fact exists, and the trial court properly granted summary judgment in favor of Barkia. The assignments of error are overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR