[Cite as *Griffin v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-4749.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MARK GRIFFIN, SR | Case No. 2024-00577JD |
| Plaintiff | Magistrate Adam Z. Morris |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Plaintiff brought this action alleging negligence on the part of Defendant, Ohio Department of Rehabilitation and Correction (ODRC), related to Defendant's response to a cell fire, which resulted in injury to Plaintiff.[1]

---

[1] The Court previously dismissed Plaintiff's claim for perceived violations of Defendant's internal policy separate from its use in support of his negligence claim "[t]o the extent that Plaintiff specifically alleges violation of internal policy[.]" (August 8, 2025 Entry Granting, in part, and Denying, in part, Defendant's Motion for Summary Judgment).

Moreover, to the extent that Plaintiff brings claims based on medical indifference and/or conditions of confinement due to the alleged failure to render medical care and leaving him in his cell with fire extinguisher white powder particles for five days after the fire the Court does not have subject matter jurisdiction to consider claims premised upon alleged violations of the United State Constitution. *See Guillory v. Ohio Dept. of Rehab. & Corr.*, 2008-Ohio-2299, ¶ 12 (10th Dist.).

"The Court of Claims is a court of limited jurisdiction and may exercise only that jurisdiction specifically conferred upon it by the General Assembly." *Littleton v. Holmes Siding Contr., Ltd.*, 2013-Ohio-5602, ¶ 8 (10th Dist.). Because the state has consented to be sued in accordance with the rules applicable to private persons, "a plaintiff in the Court of Claims is limited to causes of action which he could pursue if defendant were a private party." *Thompson v. S. State Community College*, 1989 Ohio App. LEXIS 2338 (10th Dist. June 15, 1989). Because constitutional violations require an element of state action, they present no viable cause of action in the Court of Claims. *Hamilton v. Ohio Dept. of Rehab. & Corr.*, 2007-Ohio-1173, ¶ 14 (10th Dist.). It is also a well-established principle of law that the state of Ohio is not a "person" within the meaning of Section 1983, Title 42, U.S. Code; therefore, such actions cannot be brought against the state. *White v. Chillicothe Corr. Inst.*, 1992 Ohio App. LEXIS 6718 (10th Dist. Dec. 29, 1992).

Deliberate indifference to attend to the medical needs of prisoners is considered a claim under the Eight Amendment. *Jackson v. Northeast Pre-Release Ctr.*, 2010-Ohio-1022, ¶ 9-10, 18-19 (10th Dist.). Inmate complaints regarding alleged deprivations of constitutional rights are treated as civil rights claims arising under 42 U.S.C. 1983. *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91-92 (1994); *Burkey v. S. Ohio Corr. Inst.*, 1990 Ohio App. LEXIS 1800, *4 (10th Dist. May 10, 1990). "[A] cause of action under

{¶2} The case proceeded to trial before the undersigned Magistrate. For the following reasons, the Magistrate recommends that this case be dismissed pursuant to Civ.R. 41(B)(2).

{¶3} Plaintiff presented testimony on his own behalf as a sworn witness under oath. Plaintiff did not present any other witness testimony, but did move during his direct testimony for the admittance of exhibits into evidence.[2] The Magistrate admitted, to the extent not excluded by hearsay, Plaintiff's Exhibits 1, 2, and 7. Upon sustained objection, the Magistrate excluded Plaintiff's Exhibits 3, 4, 5, 6, 8, and 9 from being admitted into evidence.

{¶4} Plaintiff, an inmate in the custody and control of Defendant, testified that he was housed in TPU cell D3W6 at Defendant's Toledo Correctional Institution (ToCI) when the inmate next door in cell D3W5 set his cell on fire. Plaintiff encountered smoke entering his cell through a vent and proceeded to get the attention of Defendant's ToCI staff. A fire extinguisher was used to put out the fire, but the white powder particles from the fire extinguisher entered Plaintiff's cell through the vent. Plaintiff states that he requested to be moved cells and sent to medical, but he was not moved from his cell for five days with the fire extinguisher white powder particles still present and that he was also refused medical care during that time. Although Plaintiff states that he is unsure what his exact injuries are because he was not timely sent to medical, the greater weight of Plaintiff's testimony establishes that he believes that being confined to his cell in those conditions

---

42 U.S.C. 1983 may not be brought against the state in the Court of Claims because the state is not a 'person' within the meaning of 42 U.S.C. 1983." *Hanna v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-5094, ¶ 6 (10th Dist.); *see also Barnett v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4737, ¶ 14 (10th Dist.) ("the requirement that [plaintiff] demonstrate an element of state action in the constitutional violations removes the claim from the Court of Claims' jurisdiction, which is limited to actions against the state as between private parties.").

Inmate complaints regarding the conditions of confinement are treated as claims arising under Section 1983, Title 42, United States Code. *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91 (1994). Such actions are not actionable in this Court, and this Court is without jurisdiction to hear such claims. *See Farmer v. Brennan*, 511 U.S. 825 (1994) (under the Eighth Amendment to the U.S. Constitution, prison officials have a duty to provide humane conditions of confinement including adequate food, clothing, shelter, and medical care.).

[2] Plaintiff's September 10, 2025 Motion to Submit an Additional Exhibit for Trial was GRANTED.

for five days caused an exacerbation of his sarcoidosis, specifically issues with his lungs and breathing, including coughing and phlegm.

{¶5} Upon the close of Plaintiff's case-in-chief, Defendant moved for dismissal pursuant to Civ.R. 41(B)(2).  Upon review of the evidence presented in Plaintiff's case-in-chief, Defendant's Motion was well-taken.

{¶6} Civ.R. 41(B)(2) states, in relevant part:

After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.  The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

{¶7} To prevail on a claim for negligence, Plaintiff must prove, by a preponderance of the evidence, that Defendant owed Plaintiff a duty, that Defendant breached that duty, and that Defendant's breach proximately caused Plaintiff's damages.  *Armstrong v. Best Buy Co., Inc.*, 2003-Ohio-2573, ¶ 8, citing *Menifee v. Ohio Welding Prod., Inc*., 15 Ohio St.3d 75, 77 (1984).  Whether Defendant owed Plaintiff a duty and/or breached such duty is immaterial when Plaintiff cannot show the proximate cause of his injuries by a preponderance of the evidence.  *See Forester v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-6296, ¶ 7 (10th Dist.) (a plaintiff has the burden to prove each element of their negligence claim by a preponderance of the evidence).

{¶8} "Although a claimant may establish proximate cause through circumstantial evidence, 'there must be evidence of circumstances which will establish with some degree of certainty that the alleged negligent acts caused the injury.'"  *Mills v. Best W. Springdale*, 2009-Ohio-2901, ¶ 20 (10th Dist.), quoting *Woodworth v. New York Cent. RR. Co.*, 149 Ohio St. 543, 549 (1948).  "Generally, where an issue involves a question of scientific inquiry that is not within the knowledge of a layperson, expert testimony is required."  *Id.* at ¶ 16, citing *Stacey v. Carnegie-Illinois Steel Corp.*, 156 Ohio St. 205 (1951).  "Where complicated medical problems are at issue, testimony from a qualified

expert is necessary to establish a proximate causal relationship between the incident and the injury." *Tunks v. Chrysler Group LLC*, 2013-Ohio-5183, ¶ 18 (6th Dist.).

{¶9} Where a causal nexus between a breach of duty and an alleged injury is clear, there is no need for expert testimony in a personal injury claim. *Pietrangelo v. Hudson*, 2023-Ohio-820, ¶ 25 (8th Dist.). However, where personal injury involves internal complexities of the body not so apparent to be a matter of common knowledge, expert testimony is necessary to establish proximate cause of current injuries. *Id.*; *see Corwin v. St. Anthony Med. Ctr.*, 80 Ohio App.3d 836, 840-841 (10th Dist. 1992) ("Where the permanency of an injury is obvious, such as the loss of an arm, leg or other member, the jury may draw its own conclusions as to the measure of damages; however, where an injury is not obvious, there must be expert evidence as to the damage sustained, the probability of future pain and suffering or the permanency of the injury."); *Schadhauser v. Ohio Dept. of Rehab. & Corr.*, 2018-Ohio-3282, ¶ 11 (10th Dist.) ("In general, an issue that involves a question of scientific inquiry that is not within the knowledge of [a] layperson is an issue that requires expert testimony to prove . . . the mechanisms for contracting specific medical conditions typically are not within the knowledge of a layperson."); *Wright v. Columbus*, 2006-Ohio-759, ¶ 19 (10th Dist.) (expert testimony is required to establish proximate cause of an alleged injury where the alleged injuries are internal and elusive, and are not sufficiently observable, understandable, and comprehensible by the trier of fact such that the question of the causal connection between the breach of duty and the alleged injury is peculiarly within the scope of expert scientific inquiry).

{¶10} Upon review, the type of damage that Plaintiff alleges to have suffered is not a sufficiently observable, understandable, or comprehensible injury to a layperson and is uniquely within the scope of expert scientific inquiry. Because Plaintiff has alleged that he suffered an exacerbation of his sarcoidosis, Plaintiff was required to establish proximate cause of such injury with expert medical testimony. The mechanisms of sarcoidosis injuries, or the exacerbation thereof, and any proximate cause thereof, are internal, elusive, and not sufficiently observable, understandable, or comprehensible to a layperson. *See Marcus v. Rusk Heating & Cooling, Inc.*, 2013-Ohio-528, ¶ 45-53 (12th Dist.), quoting *Valentine v. PPG Industries, Inc.*, 2004-Ohio-4521, ¶ 17, 47, fn. 1 (4th Dist.)

(A plaintiff must show both exposure "to a toxic substance and that the level of such exposure was sufficient to induce the [alleged injuries], commonly known as 'dose-response relationship.' . . . The mere coincidence of exposure and the appearance of a disease is never sufficient to prove causation in an individual instance."). Ultimately, Plaintiff has offered only speculation and conjecture to support proximate cause in this matter. *Harris v. Ohio Dept. of Rehab. & Corr.*, 2013-Ohio-5714, ¶ 15 (10th Dist.) ("It is well-established that when only speculation and conjecture is presented to establish proximate causation, the negligence claim has failed as a matter of law.").

{¶11} Given the absence of expert testimony in this action, Plaintiff has shown no right to relief. Accordingly, it is recommended that this action be dismissed pursuant to Civ.R. 41(B)(2).

{¶12} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

ADAM Z. MORRIS
Magistrate

**Filed September 26, 2025**
**Sent to S.C. Reporter 10/16/25**